**IN THE COUNTY COURT OF THE 19TH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA**

Case No.

**MICHAEL FRAZIER,**

    Plaintiff,

v.

                                                **JURY TRIAL DEMANDED**

**RADIUS GLOBAL SOLUTIONS LLC,**

                                                **INJUNCTIVE RELIEF SOUGHT**

    Defendant.

_____/

## COMPLAINT

Plaintiff Michael Frazier ("Plaintiff") sues Radius Global Solutions LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Indian River County, Florida.

3.    The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Indian River County Florida.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Indian River County, Florida.

6.      Defendant is a Minnesota limited liability company, with its principal place of business located in Edina Minnesota 55439.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      On June 17, 2021, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On June 21, 2021, Gilford Sound Emergency Physicians LLC ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

10.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

11.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

14.     Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

15.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

16.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA0900498.

23.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

25.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum,* all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

26.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

27.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.     On a date better known to Defendant, Defendant sent a collection letter, internally dated April 5, 2022, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.     The Collection Letter represents an action to collect a debt by Defendant.

31.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32.     Plaintiff incorporates by reference paragraphs 8 through 31 of this Complaint.

33.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require...."

34.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.     As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

38.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

39.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

DATED: June 13, 2022

Respectfully Submitted,

  /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851
Fax:        (561) 431-2352

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

04/28/2022 12:36  7727784246  POSTAL CONNECTIONS  PAGE  01/01

P.O. Box 1259, Dept. #120957
Oaks, PA 19456

Return Mail Only - Do not send mail to this address

**radius**  Radius
Global
Solutions LLC

7831 Glenroy Rd., Suite 250-A
Minneapolis, MN 55439
(866) 835-7806
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM
SATURDAY 8AM-12PM
CENTRAL TIME

MICHAEL FRAZIER
4310 34TH DR
VERO BEACH FL 32967-1944

April 05, 2022
Radius Global Solutions #: 002-72359837

**Account(s) in our office:**

Creditor:  Gilford Sound Emergency Physicians LLC

| Debt Description: | Account #: | Balance Due: |
|---|---|---|
| SERVICES FOR FRAZIER MICHAEL A - SERVICE DATE 08/21/21 | 11247531-0517518 | $827.00 |

Dear MICHAEL FRAZIER

<u>TAX SEASON OFFER!</u>

Radius Global Solutions understands how difficult the last year was for some consumers, but now is an opportunity to resolve your outstanding account balance for less than the full balance. You can make a single payment outlined in the offer below:

<u>OFFER: YOU PAY $413.50</u>

Your payment must be received in office within 30 days from the date of this letter. Should you fail to complete the arrangement proposed under this option any payments made will be applied to the balance due shown above.

Take advantage of this opportunity by contacting our office and one of our representatives will be happy to accept payment or remit payment with the coupon below. We are not obligated to renew this offer.

You may also contact our office to ask about alternative payment arrangements if you are unable to take advantage of this offer.

Pay Online: www.paymentportal.radiusgs.com using the account information referenced above and pin number 420568.

Pay by Phone: (866) 835-7806

Pay by Mail: Send payments to: Radius Global Solutions P.O. Box 390915 Minneapolis, MN 55439-0915

Sincerely,
Radius Global Solutions

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded.

---

Pay Online: www.paymentportal.radiusgs.com or detach here and return with payment:

Date: April 05, 2022
Radius Global Solutions #: 002-72359837
Balance Due: $827.00
Offer: $413.50
Amount Enclosed: $ _____

Radius Global Solutions
7831 Glenroy Rd., Suite 250-A
Minneapolis, MN 55439
(866) 835-7806

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

☐ Check here if your address or phone numbers have changed.
Please update changes on reverse side.

Send all payments and correspondence to:

MICHAEL FRAZIER
4310 34TH DR
VERO BEACH FL 32967-1944

Radius Global Solutions
P.O. Box 390915
Minneapolis, MN 55439-0915